### · EDWARD O. HAMLIN,

*v.*

### WM. J. PARSONS and WIFE.

Parsons mortgaged to Hamlin lot 6, upon which was a dwelling house. Subsequently, and without the knowledge or consent of Hamlin and with the knowledge of all parties claiming adversely to Hamlin, Parsons removed the house from lot six and placed it upon lot seven. *Held:* that the lien of the mortgage was not thereby extended to lot seven ; nor could lot seven be properly ordered to be sold upon a decree of foreclosure. *Held:* that Hamlin retained his lien upon the dwelling house, and that the house might be sold to satisfy the mortgage debt, lot six having been first exhausted.

This action was brought in the district court for Stearns county : issue was joined, and the cause tried before the court without a jury. The facts, so far as material to the points decided as found by the court are substantially as follows : On the 5th day of May, 1861, the plaintiff sold and conveyed to the defendant, William J. Parsons, lot 6 in block 101, Lowry's Addition to St. Cloud, upon which was a dwelling house, and for a portion of the purchase money said Parsons executed to the plaintiff two promissory notes, secured by a mortgage, executed by defendants to plaintiff, upon said lot ;

Hamlin v. Parsons and wife.

which notes at the commencement of the action were due and unpaid. A short time after such sale and the execution of said mortgage, the defendant, William J. Parsons, with the knowledge of the defendant, Wealtha L., his wife, removed said dwelling house from said lot 6 on to lot 7 adjoining, owned by the said Wealtha L. without the knowledge or consent of the plaintiff. The defendants, after said removal, executed a mortgage upon both of said lots to one C. A. House, to secure the payment of $237, which was executed with the knowledge of plaintiff, but with full notice by him, to said House, of the removal of said dwelling house, and of the plaintiff's claims, interests and equities in the premises. The value of said lot 6, apart from the dwelling house so removed, is insufficient to secure the amount due on plaintiff's mortgage, and the removal of said dwelling house greatly impaired his security, and the defendant, William J. Parsons, was then, and still is insolvent. The value of said house at the time of such removal was, and now is, at least, $275, and said lot 7, in consequence of such removal, was enhanced in value to that amount. The mortgage to House was assigned and transferred to plaintiff, who foreclosed the same, and at the foreclosure sale purchased both of said lots. The defendant, Wealtha L., redeemed said lot 7 from said sale.

The relief sought was among other things that said mortgage be declared a lien upon said dwelling house, and that said lot 6 and said dwelling house be sold, and the proceeds applied in satisfaction of said mortgage debt.

As conclusions of law the court found, among other things, substantially as follows: that the said C. A. House took his mortgage subject to the rights, lien and equities of the plaintiff, existing by reason of the removal of said dwelling house upon said lot 7, and that the said defendants acquired no new rights by the redemption made under said

Hamlin v. Parsons and wife.

mortgage; that plaintiff is entitled to a judgment for the foreclosure of said mortgage, and declaring the plaintiff entitled to a lien upon said dwelling house and lot 7, on which the same stands, or such parcel, portion, or division thereof as can be sold separately, in case the same can be so sold as security for any sum which may remain due and unsatisfied, of said mortgage debt, after a sale of said lot six, upon such foreclosure, not exceeding however, $275, and to a sale of the same in satisfaction of said lien. Judgment was entered pursuant to such finding, and the defendants removed the cause to this court by writ of error.

BRISBIN & WARNER, for Plaintiffs in Error.

ALLIS & WILLIAMS for Defendant in Error.

*By the Court*—BERRY, J. The mortgage upon which this action is founded covered lot six only, and the fact that the house situated on said lot when the mortgage was executed was subsequently removed to lot seven, would have no tendency to extend the lien of the mortgage to the latter lot; nor do we perceive how the judgment in this case could be made a lien upon lot seven; nor with what propriety lot seven could be ordered to be sold in satisfaction of the mortgage debt. This view of the matter seems to be acquiesced in by the counsel for defendants in error in their brief. So far as the house was concerned it was a part of the property covered by the mortgage, and it contributed largely to the value of the security. As it was removed from lot six without the knowledge or consent of the mortgagee, and with the knowledge of all the parties claiming any rights adverse to those of the mortgagee, we see no reason why such mortgagee should not be permitted to follow the house, after having exhausted lot

Hamlin v. Parsons and wife.

six, and apply it if necessary, to the payment of the mortgage debt. *Hutchins vs. King*, 1 *Wallace U. S.*, 53. This course would give the mortgagee the benefit of the security for which he contracted. Ordinarily, a building is a part of the realty to which it is attached, but an exception to this rule is admitted " where there is an agreement, express or implied between the owner of the real estate, and the proprietor of materials and buildings, that when annexed to the realty they shall not become part of it, but shall still remain the property of the person annexing them." *Welles vs. Bannister*, 4 *Mass.*, 514; 5 *Pick.* 487; 8 *id*, 402, *First Parish &c., vs. Jones*, 8 *Cushing*, 190; *Wood vs. Hewett*, 8 *Ad. & Ell.*, *N. S.* 919; *Smith vs. Benson*, 1 *Hill*, 178; see also *Laflin vs. Griffith*, 35 *Barb.* 58; *Movers vs Wait*, 3 *Wend.* 108; 2 *Smith*, *L. C.*, 261; 1 *id.* 663. This doctrine is also recognized by our own statutes, *ch.* 68, *sec.* 6, *page* 498, *Gen. St.* An analogous exception to the general rule above referred to is also admitted as between landlord and tenant. It does not then *necessarily* follow that a building is a part of the realty to which it is attached, nor that the house in this case became a part of lot seven by the removal thereupon, and so escaped from the lien of the mortgage. If one person can by *agreement*, express or implied, be the owner of a dwelling house upon the land of another, *a fortiori* where a building part of A's realty is removed therefrom by B and annexed to B's land, or that of a third person privy thereto, all without A's consent, it would seem that A would not be deprived of his property in the building, either by the severance or annexation. In the case of fixtures removed under similar circumstances, it has frequently been held that trover would lie. *Ferard on Fixtures*, 295 *et seq.* And it would make no difference, except as to the *extent* of A's right, whether A was absolute owner of the premises from which the building was taken, or possessed

of a conditional estate therein, as mortgagee or otherwise. Such rights as he had should not be taken away from him by robbery. We see no reason why complete relief should not be afforded the mortgagee in this action. As lot six is to be first sold, if its proceeds satisfy the judgment, the house will not be sold at all. If, upon the sale, lot six prove insufficient, then the house will be called upon for the unsatisfied balance, or as much of it as it will pay. There is no unfairness in this. The facts in the case do not show that the questions arising as to the right of the mortgagee to a lien upon the house are complicated, by any such substantial alterations in the building as have sometimes been held to affect, and change the title to property altered from its original form, nor by any intervening rights of innocent third parties. In accordance with these views the judgment must be modified, by striking out that portion of it which adjudges a lien upon lot seven, and a sale thereof, and so as to confine the lien and sale to lot six and the house, with such other changes as may be necessary to conform the judgment to this modification.