CATHERINE C. PARTRIDGE v. HIRAM F. HEMENWAY,
MAYER WILE, JAMES H. HARTWELL, ET AL.

*Mortgage—Removal of buildings—Lien—Foreclosure.*

Prior to the assignment of a mortgage to a *bona fide* assignee, the mortgagor removed the buildings from the mortgaged premises onto another lot, owned by his wife, and which she subsequently conveyed by quitclaim deed, such removal being made without the consent of the mortgagee or assignee. And it is held that the buildings were still incumbered by the mortgage, and could be sold on its foreclosure if the land did not bring enough to satisfy the mortgage.

Appeal from Shiawassee. (Newton, J.) Submitted on briefs October 6, 1891. Decided December 23, 1891.

Bill to foreclose a mortgage. Defendants Wile and Hartwell appeal. Decree affirmed. The facts are stated in the opinion.

*James M. Goodell,* for complainant.

*A. R. McBride,* for appellants.

LONG, J. This bill was filed to foreclose a mortgage given by Hiram F. Hemenway and wife. At the time the mortgage was executed upon lots 9 and 10, some buildings were situated thereon, which were thereafter removed. The testimony abundantly shows that the two lots were only of the value of about $50 at the time the mortgage was given, aside from the buildings, and are worth no more now. No question is raised but that J. F. Partridge & Bro. paid full value for the mortgage,— $400,—and that it was assigned to the complainant for value. At the time she took it the property was not of greater value than the mortgage. No showing is made

that she ever consented to the removal of the buildings from these lots, and she denies ever hearing that Hemenway contemplated removing them. The first she heard of the removal was after they had been removed and placed on lot 2, which defendant Hartwell thereafter purchased. The contract entered into by J. F. Partridge & Bro., set out in the opinion of my Brother Morse, was to reduce the amount of the principal in the mortgage on condition that certain monthly payments were made. This was not kept by Hemenway. I am unable to see how this contract should be construed as an assent on complainant's part to the removal of the buildings. Nothing of the kind is said in the contract, and, if there were, the contract was not performed by Hemenway. I am satisfied from the testimony and the surrounding circumstances that Mr. J. F. Partridge never consented to the removal of these buildings. He testifies that he never consented thereto, and it is impossible to believe that he would waive complainant's right to a lien upon the buildings while nearly $400 yet remained due upon the mortgage, and accept the two lots valued at $50 in lieu thereof.

The case is then presented whether the *bona fide* assignee of the mortgage shall lose her lien by the removal of these buildings upon a lot, the title to which was afterwards acquired by defendant Hartwell by a quitclaim deed. No one would claim, if the fact be established, which I think is established, that the complainant or J. F. Partridge & Bro. never consented to the removal of the buildings, and that Hemenway removed them without the knowledge or consent of these parties, that the complainant would lose her lien under the mortgage. Hemenway, the mortgagor, could not set up this claim, and Hartwell under his quitclaim deed stands in no better position.

The case is a peculiar one. It is contended that this is a litigation of the title to the property, which cannot be done in the foreclosure proceedings. The case of *Summers v. Bromley*, 28 Mich. 125, is cited. I do not think the case falls within the principles laid down in that case. The buildings were covered by the lien of the mortgage before they were removed. This is not disputed. The defendant Hartwell was made a party defendant by reason of his claim as subsequent purchaser or incumbrancer.

The court below decreed that the buildings were still incumbered by the mortgage, and I think correctly so held; and that they be sold if the lots did not bring enough to satisfy the mortgage.

The decree must be affirmed.

CHAMPLIN, C. J., McGRATH and GRANT, JJ., concurred.

MORSE, J. (*dissenting*). Bill to foreclose a mortgage.

The undisputed facts are these: The defendant Hiram F. Hemenway and his wife, August 15, 1879, executed a mortgage upon lots 9 and 10, in block 1, of Hemenway's addition to the village of Bancroft, in Shiawassee county, to secure a note for $400. The mortgage ran to J. F. Partridge & Bro., of Flint, Mich., who assigned it, June 9, 1886, to complainant. Hemenway, at the time he gave the mortgage, was occupying a store building which complainant claims was on these lots. For the purpose of this case it may be considered that this claim is true, and that the mortgage covered the building. Between January and July, 1883, Hemenway moved this building off from the mortgaged premises, and upon lot 2, block 8, village of Bancroft. This latter lot was then owned by Carrie E. Hemenway, who was at the time the wife of defendant Hemenway, but not the wife who joined

with him in the mortgage. Hemenway swears that this removal was made with the consent of Partridge & Bro., and there are strong circumstances tending to show that such was the case. They, however, deny that they consented. May 12, 1887, Carrie E. Hemenway, by quitclaim deed, conveyed the land upon which this building had been moved to Willis H. Stevens, who, December 31, 1887, quitclaimed it to the defendant James H. Hartwell.

The bill alleged that this building was still subject to the lien of the mortgage; that it constituted the principal security of the mortgage; that it was removed without the consent or knowledge of the mortgagees or complainant; and that Hemenway is insolvent, and the note given by him worthless and uncollectible.

Defendant Hartwell in his answer claimed to have had no knowledge or intimation that the building standing on lot 2, block 8, when he purchased it, had been removed from lots 9 and 10, block 1, but supposed that it was erected on lot 2. There is no testimony tending to show that his answer and evidence in this respect are not true.

The court below decreed that the mortgage was still a lien upon the building, and could be enforced, and ordered that lots 9 and 10 should first be sold, and, if the proceeds of their sale were insufficient to pay the mortgage debt, then a sale of the building. From this decree the defendants Wile and Hartwell appeal.

It is stipulated that the deeds by which lot 2 was transferred were of sufficient consideration. The counsel for complainant insists that Hartwell does not stand in the relation of a *bona fide* purchaser of this building, because he acquired the land through a quitclaim deed, and cites in support of this contention, among other cases, that of *Peters v. Cartier*, 80 Mich. 125, where it was held

that the grantee in a quitclaim deed takes only the interest that the grantor has in the premises.

The defendant claims, first, that his title to the premises—the building now standing upon his lot, of which land he has the unquestioned title—cannot be litigated in these proceedings, and that the decree, in so far as it undertakes to establish a lien upon this building, is wrong, and should be vacated. It would seem from the opinion of this Court in *Summers v. Bromley*, 28 Mich. 125, that the claim of the defendant in this respect is well founded. The title of the defendant alleged in his answer is certainly adverse to that of complainant, and although the bill alleges a removal of the building from lots 9 and 10 without the consent or knowledge of Partridge Bros. or the complainant, yet the defendant Hartwell is only brought into the case and made a party defendant to the bill under the usual allegation in foreclosure bills against subsequent purchasers and incumbrancers. The bill is not properly framed to raise the issue made in the proofs under the answer of defendant Hartwell, or to support the decree against the building, if the rule laid down in *Summers v. Bromley* applies.

But I am constrained to hold the decree wrong upon the equities of the case. The building was removed in the early part of 1883. J. F. Partridge, who did all the business for Partridge & Bro. in connection with this mortgage, and the husband of complainant, knew of the removal of this store as early as 1884. Since the assignment to complainant he has acted as her agent in relation to this mortgage. In 1886, and after the assignment to complainant, the following agreement was entered into between J. F. Partridge & Bro. and Hemenway:

"This certifies that J. F. Partridge & Brother, of Flint, Genesee county, Mich., hereby agree to and with Hiram

F. Hemenway, of Bancroft, Mich., that they will accept the sum of two hundred dollars in full payment of a mortgage dated August 15, 1879, for the sum of four hundred dollars, providing and upon the express understanding, to wit: That the said Hemenway shall pay the sum of ten dollars per month, with interest at seven per cent., or more, at the option of said Hemenway, every month hereafter until the said sum of two hundred dollars is paid in full; payments to be made at the bank of I. M. Strong & Son, in Bancroft, Mich. It is hereby expressly agreed and understood by and between the said parties that, if the said Hemenway should fail to pay the said sums, as heretofore mentioned, at the time and place above mentioned, then this agreement shall be null and void, and of no effect, and the payments which may have been made shall only be as indorsements in the original amount mentioned in the above described mortgage.

"Dated July 22, 1886.

"J. F. PARTRIDGE & BROTHER.
"H. F. HEMENWAY."

One hundred dollars was paid upon this agreement. At the time it was made the mortgage debt amounted to over $400. By this agreement, after the building had been removed for over three years, the complainant, through her agent, contracted to take half the sum due in lieu of the whole, in sums of $10 per month. This would look as if she had abandoned her claim of lien upon this building, and corroborates the testimony of Hemenway that the removal was consented to by J. F. Partridge & Bro. While this agreement was in life, and payments being made under it, Hartwell purchased lot 2, block 8, with no knowledge that there was or ever had been any lien of this mortgage upon it, and supposing that he obtained thereby a clear title to the building, and knew nothing to the contrary until this bill was filed. It would, under these circumstances, be inequitable to give the complainant a lien upon this building

as against Hartwell. The decree of the court below, in so far as it does so, should be reversed and vacated, with costs of both courts to the defendant Hartwell.