CASE 80—PETITION EQUITY—MAY 17.

# Loughridge v. Cawood, &c.

APPEAL FROM HARLAN CIRCUIT COURT.

CROSS PETITION.—Where land was sold under decree of court as that of a debtor, who in fact owned only an undivided three-fourths interest, the owners of the other one-fourth not being before the court, and the purchaser of one of two tracts into which the land was divided, brought his action against the owners of the one-fourth interest to quiet his title, denying that defendants had any interest, an answer filed by defendants, asserting their claim, was properly made a cross-petition against the purchasers of the other of the two tracts into which the land was divided. As the deed under which defendants claimed described the two tracts as one and was executed to them and the other owner jointly, and the purchasers of the two tracts into which the land was divided obtained the title of the other joint owner in the same way and in the same proceedings, the cause of action set out in the cross-petition affects and is affected by the original cause of action within the meaning of sub-section 3 of section 96 of the Civil Code.

BRECKINRIDGE & SHELBY FOR APPELLANTS.

1. The cause of action set out in the cross-petition neither "affects" nor is "affected by" the original cause of action within the meaning of sub-sec. 3 of sec. 96 of the Civil Code. (Wells v. Boyd, 1 Duvall, 366; Crabtree v. Banks, 1 Met., 485; Nolle v. Thompson, 1 Met., 121; Newman on Pleading, 616 and 617.)
2. Appellees should not be allowed their cross-petition on the idea that Cawood or his heirs had the right to one action against the purchasers of the two tracts for a partition of the lands, since a suit for partition does not lie even by a rightful owner against one who is in actual adverse possession. (Freeman on Cotenancy & Partition, secs. 439, 447, 501; Civil Code, sec 499; McIntire v. McIntire, 82 Ky., 504, 505.)
3. The action by Clay and Headley against appellees being one of equitable cognizance to remove a cloud upon their title, while the cause asserted on cross-petition was purely legal and properly only the subject matter of an action in ejectment, the cross-petition should be stricken from the record.

THOMAS H. HINES AND DISHMAN, DISHMAN & HAYES FOR AP-
PELLEES.

1. The cause of action stated in the cross-petition "affects" and is
   "affected by" the original cause of action. (Civil Code, sec. 96,
   sub-sec. 3; Holly v. Hawley, 39 Ver., 534; Stark v. Barrett, 15 Cal.,
   368; Robinett v. Preston, 2 Rob. Va., 278; Mahoney v. Middleton,
   41 Cal., 41.)
2. There is no evidence to support appellants' contention that the an-
   cestor of appellees conveyed his interest in the 8,500
   acre tract of land to Turner, for whose debts the land was sold,
   nor to sustain their contention that there was a deed conveying
   said interest, which was lost, and that the record of same was
   destroyed.
3. The holding of Turner by his tenants was not such an adverse pos-
   session as would divest Cawood or his heirs of title, Cawood be-
   ing a joint owner of the land with Turner. (Am. & Eng. Enc. of
   Law, vol. 1, page 232, sec. 7; Am. & Eng. Enc. of Law, vol. 1, page
   233, sec. 8; Wall v. Wayland, 2 Metcalf, 158.)
4. If the appellees did any act during the pendency of the suit against
   Turner in which judgment was rendered subjecting the property
   to Turner's debts, the burden of showing same was on appel-
   lants, and they have failed to do so.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

A short time prior to 1845, Hamblin and Ledford acquired
title, by patent from the Commonwealth, to 6,500 acres of
land, situated in Harlan county. In the year named they
also acquired title, in like manner, to a tract of some 1,900
acres adjoining the first tract.

In 1852 Hamblin conveyed his undivided one-half of this
land to Wm. Turner, Sr., and Moses Cawood, describing it,
among other ways, as "one undivided moiety of a certain
tract of land lying in the county of Harlan on Crummies
Crank Creek and Jones' Creek, supposed to contain about
eight thousand acres, more or less."

In 1853, Ledford, the other patentee, conveyed his undi-
vided one-half of the entire tract of 8,400 acres to Turner,
so that Turner then owned an undivided three-fourths of the

whole tract and Cawood one-fourth. The land was what
is known as "wild land," was of small value, and in the
actual possession of no one. Cawood's deed was of record
in the proper office, but he left the county at the beginning
of the late war and was shortly killed, leaving the appellees
as his heirs and representatives.

In 1876 one Sewell, a creditor of Turner, brought his ac-
tion seeking to subject the lands mentioned to the payment
of certain debts he held on his debtor, and after some delay,
obtained a judgment of sale. To this suit the heirs of
Cawood were not parties. At that sale Clay and Headly
bought the 1,900 acre tract and appellants the 6,500 acre
tract, and obtained commissioner's deeds therefor. In 1888
Clay and Headly brought this suit setting up their title and
alleging that in 1854, as they verily believed, Cawood had
conveyed his one-fourth interest to Turner in and to the
1,900 acre tract, but that the deed had been lost or destroyed
and that within a short time prior to the institution of their
suit, appellees, the heirs of Cawood, had begun to set up
claim to the land. They, therefore, asked that their title
and possession be quieted.

The appellees answered denying that their ancestor had
ever conveyed his interest in the land to Turner or to any
one else, and alleged that they were the owners of one-fourth
of the 1,900 acre tract and of the 6,500 acre tract, and that
the land had been conveyed to Moses Cawood by the deed
of 1852, describing the land as one tract of some 8,000 acres,
and the tract claimed by the plaintiff was embraced in that
deed, and that the other land, or 6,500 acre tract, was held
by Loughridge and others, who were also purchasers of
Turner's interest at the commissioners' sale in the Sewell
suit. They made their answer a cross-petition against
Loughridge and others, who are the appellants here. The

latter appeared and demurred to the cross-petition and also moved to strike it from the files.

The demurrer was overruled as well as the motion. The appellants then filed their answer alleging, as Clay and Headly had done, that Cawood had conveyed his interest in all the land to Turner. After a protracted litigation the court sustained the claim of Cawood's heirs awarding them a one-fourth interest in the entire tract of 8,400 acres. It is reasonably clear from the proof that Cawood, the ancestor of the appellees, did not convey his interest in the land to Turner or any one else, nor did the purchasers at the decretal sale, Clay and Headley, or Loughridge and others, obtain any interest in the land save that of Turner's, which was an undivided three-fourths.

The chief question made, however, by the appellants, is that the cross-petition should not have been allowed against them, because the cause of action set up therein did not affect, or was not affected by, the original cause of action set up by the plaintiffs, Clay and Headley, and this is the only question necessary to be considered on this appeal.

It has been seen that the appellants occupy precisely the same relative position with reference to the 6,500 acre tract as the plaintiffs did to the 1,900 acre tract. They were purchasers of the larger tract and the latter were purchasers of the smaller, and their deeds were for these tracts separately; nevertheless, the origin of the title of the appellees is found in the single deed of Hamblin to their ancestor conveying an undivided moiety in and to a tract of some 8,000 acres, and in this tract is embraced the 6,500 acre tract and the 1,900 acre tract. Their deed conveys, however, but a single tract, and their covenant of warranty runs with each moiety thereof; and so Turner held jointly with him his interest in the whole tract. The creditors of Turner might

properly have the court to divide the lands owned by their debtor as they saw fit, and as suited the convenience of pur-chasers, but this could not affect Cawood or his heirs in the assertion of their claims to each moiety of the land as a single tract.   The creditors of Turner could occupy no bet-ter attitude than he did, and could occupy, in fact, no other attitude than he could have done.

If Turner had sold to different purchasers the interest he obtained from Hamblin, would that have destroyed the right of Cawood to a partition of the entire tract, and would he not have been required to make all the vendees of Turner parties to his action?   It is true that "a cross-petition is not allowed to a defendant except upon a cause of action which affects or is affected by the original cause of action" (sub-sec. 3, sec. 96, Civil Code), but it seems to us that any claim asserted by Turner or his vendees to any portion of the land affected the relation between the parties, as to each portion held jointly by them, under the common conveyance of 1852, and especially so since the claimants, Clay and Headley, of one part of the land, and the appellants, Loughridge and others, are alleged in the cross action to have obtained their title in precisely the same way and in the same pro-ceeding.   The deed from Hamblin to Cawood and Turner was of record prior to the institution of the Sewell suit, and the purchasers of Turner's interest knew that they were buying land in each particle of which the Cawoods had an interest.   They knew that the Cawoods had no other title, at least of record, than the Hamblin deed, and that by virtue of it they had an undivided one-fourth interest in the en-tire 8,000 acre tract which embraced the two surveys of 1,900 acres and 6,500 acres.   The division of their large tract into two smaller ones was without the knowledge or con-sent of the Cawoods and can not affect their rights.   In as-

serting claim to any part of the land they necessarily must set up their title to all of it, as that title is derived from the same source.  As the 1,900 acres claimed by the plaintiffs, Clay and Headley, were a part and parcel of the 8,000 acre tract conveyed to Cawood and Turner, as an entirety, we think the cause of action set out in the cross-petition affects and is affected by the original cause of action within the meaning of the Code, and that it was properly so held by the lower court.

Judgment affirmed.