## PHILLIPS v. ANTHONY.

FORECLOSURE — RELIEF — PRACTICE — DEFENDANT — JUDGMENT.—In a suit for foreclosure of a mortgage on a tract of land, a defendant having a mortgage on that and also on another tract, may have affirmative relief against his codefendant mortgagor by a decree for the sale of the tract not described in the complaint, and a judgment against him for any deficiency, when appropriate allegations therefor are made in such answer, and the same is served on his codefendant mortgagor.

Before TOWNSEND, J., Spartanburg, February, 1896. Affirmed.

Action in foreclosure by Wm. Phillips against Daniel Anthony, Thomas Spencer, R. D. Odom, Mrs. Lena Odom, C. P. Turner, and J. A. Carroll. The mortgage of defendants, Turner and Carroll, covered other lands than those covered by plaintiff's mortgage, and they sought to have the other tract sold by same proceeding. The relief was granted them, and defendant, Anthony, appeals.

*Messrs. Nichols & Jones*, for appellant, cite in reply: 23 S. C., 208; Voorhies' Code, 420; 2 Wait's Prac., 478; 1 Hill Ch., 146; 24 S. C., 55; 36 S. C., 340; 28 S. C., 417; 42 S. C., 319. (Argument in chief has been mislaid.)

*Messrs. Bomar & Simpson*, contra, cite: Code, 296; 23 S. C., 208; 24 S. C., 54; 28 S. C., 417; Code, 143; 42 S. C., 319; 36 S. C., 340.

Aug. 10, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. The question in this case is, whether in a suit for foreclosure of a mortgage on one tract described in the complaint, a defendant, having a mortgage on that, and also on another tract, may have affirmative relief against his codefendant, the mortgagor, by a decree for the sale also of the tract not described in the complaint, and a judgment for deficiency. The facts out of which the question arose are as follows: Plaintiff brought suit to fore-

close a mortgage on a tract in Spartanburg County, executed by defendant, Anthony, to T. G. McCraw, and by the latter assigned to the plaintiff. The complaint, among other things, alleged that the defendants, Thomas Spencer, R. D. Odom, Mrs. Lena Odom, C. P. Turner, and J. A. Carroll, claim an interest in the land subsequent to plaintiff's claim. Lena Odom answered, alleging that she had purchased of Anthony a part of the lands mortgaged to plaintiff, subject to the mortgages to R. D. Odom and Thomas Spencer, and asked.that the part of of the mortgaged lands embraced in their mortgages and not sold to her, be first sold in satisfaction of their mortgages, before falling upon the part conveyed to her. Thomas Spencer and R. D. Odom answered, setting up their mortgages on the tract described in the complaint as liens junior to plaintiff's. Turner and Carroll answered, denying, generally, the allegations of the complaint, except that they had a lien over the property described in the complaint, and set up their mortgage, with allegations appropriate for foreclosure, on seventy-six acres, a part of the land described in the complaint; also on three acres near Limestone Springs, known as the "Home Place," also on a tract of 497 acres, known as the Lipscomb land. (The Lipscomb land, it seems, had been already sold to satisfy a prior lien, and may be dismissed from the case.) They asked for a sale of the premises described in their answer, except the Lipscomb land. They further alleged that.there were other parties claiming an interest in certain land described in their mortgage, who should be made parties. This last allegation seems not to have been sustained, and may be dismissed now as irrelevant. This answer of Turner and Carroll was duly served on defendant, Anthony, as well as on plaintiff. He made no answer, demurrer or reply thereto.

At the reference before the master, to whom the case was referred, Turner and Carroll proved and introduced in evidence their claim and mortgage, asked a report from the master that they were entitled to have both tracts sold, and

to have judgment against Anthony for any deficiency. The
master so reported, and the Circuit Judge confirmed this
report, and decreed for sale of both tracts and application
of proceeds, and for judgment against Anthony for any de-
ficiency. The plaintiff makes no question here, and, it is
to be assumed, is satisfied with the decree of the Circuit
Court. Anthony's controversy is with Turner and Carroll
alone. There are a number of exceptions, some of which
are abandoned, but they raise practically the question stated
at the outset of this opinion.

The affirmative of the proposition stated is true, and there
was, therefore, no error in the decree granting the affirma-
tive relief prayed for in favor of Turner and Carroll against
their codefendant, Anthony. Section 296 of the Code pro-
vides that "Judgment may be given for or against one or more
of several plaintiffs, and for or against one or more of several
defendants; and it may determine the ultimate rights of the
parties on each side, as between themselves. And it may
grant the defendant any affirmative relief to which he may
be entitled." In *Beattie* v. *Latimer*, 42 S. C., 319, this
Court said: "Under this section, we see no reason why the
Court, having all the parties before it, may not proceed to
adjudicate the rights of one codefendant against his code-
fendants, provided the same can be done without prejudice
to the rights of the plaintiff, and provided the pleadings
and evidence furnish a proper basis for such adjudication.
Such seems to be the construction adopted by the New
York Courts, as shown by the authorities cited by respond-
ent's counsel in his argument. And such seems to be in
accordance with the rule prevailing in the old Court of
Equity in this State. See *Molte* v. *Schult*, 1 Hill Ch., 140,
and *Moss* v. *Bratton*, 5 Rich. Eq., 1." Was the relief granted
in this case without prejudice to the right of the plaintiff?
He does not complain, and it may be inferred he has not
been prejudiced. Do the pleadings and the evidence in this
case furnish a proper basis for the adjudication of the rights
of the defendants among themselves? We think so. Under

the old equity practice, a defendant, desiring affirmative relief against his codefendant, growing out of the subject-matter of the original bill, but not apparent on the face of the bill, was required to file a cross bill, upon which process issued and relief was granted. Under the Code, the answer may be made to subserve the purpose of the cross bill, and if it is duly served upon the defendant from whom affirmative relief is desired, the object of process, which is notice, is accomplished. It is one of the excellencies of equity practice to render full and complete relief, and the purpose of the Code renders this duty even more imperative, for it expressly authorizes the Courts to determine the *ultimate* rights of all the parties before it. Even if there should be found an omission to supply forms of procedure to meet every phase which a case may assume, under the spirit of the Code, the great Court of Equity would not be balked in rendering complete relief within its jurisdiction. It would seize first upon analogous principles in the pleadings and practice in the old Court of Chancery, and if these were insufficient, it would invent a mode of relief. As expressed by Mr. Bliss in his work on Code Pleading, sec. 167: "If the Equity Court would refuse to do justice by halves—if, in favor of complete justice, it would go beyond its ordinary jurisdiction—how much more, under the reform system, will a court having complete jurisdiction give a suitor full and complete relief?"

In the case at bar, Turner and Carroll were proper parties as junior lien holders on the premises sought to be foreclosed. Their mortgage was properly set up in their answer, which set forth fully the grounds for the affirmative relief for which they prayed. All parties concerned were before the Court with due notice. The mortgage debt and the mortgage were established by evidence offered within the scope of the complaint, to say nothing of the answer. The same evidence required to establish the mortgage and mortgage debt, with respect to the tract or premises described in the complaint, established, also, all that

was necessary for the Court's information with regard to the affirmative relief prayed for. If Turner and Carroll had brought an action first to foreclose their mortgage, the same parties, issues and evidence would have been before the Court as in this case. Why compel them now to a second action? Their ultimate right necessarily included the sale of property pledged for the payment of the debt they were called on to establish as well as a judgment for deficiency. Anthony does not contest the right of Turner and Carroll to a judgment for deficiency after exhausting only the premises described in the complaint. This is common practice. But this right presupposes that the mortgaged property has been exhausted, since there is no deficiency until then. The right to a judgment for deficiency includes the right to do what is necessary to ascertain the deficiency. Why should a Court of Equity split the mortgage of Turner and Carroll in two and do justice by halves?

The judgment of the Circuit Court is affirmed.