MILLS, Respondent, v. POPE et al., Defendants; SMITH, Appellant.

(No. 6,785.)

(Submitted September 10, 1931. Decided September 24, 1931. Opin-
ion on Motion for Rehearing filed November 4, 1931.)

[4 Pac. (2d) 485.]

*Mr. William V. Beers,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Tansil & Simmons,* for Respondent, submitted a brief.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought to foreclose a mortgage executed December 15, 1925, by John P. Pope and wife to H. M. Langrack and Caroline Day, and subsequently assigned to plaintiff,

covering the southeast quarter of the northwest quarter of lot 3 of section 18, township 2 north, range 28 east. The complaint alleges that Lillian V. Smith, hereafter referred to as defendant, claims some interest in the premises, which is subsequent to plaintiff's mortgage.

Defendant answered, denying certain allegations of the complaint, and, by way of cross-complaint, alleged that on September 8, 1917, one Jackson executed a mortgage to the Merchants' National Bank on farm unit D of section 13, township 2 north, range 27 east, and that she is the owner thereof; that at the time of the execution of the mortgage and at the time of the assignment thereof to her there was a large dwelling-house "located on and permanently resting upon said lands upon a stone wall"; that defendant Pope subsequently acquired title to the lands covered by her mortgage and thereafter, and, without her knowledge or consent, moved the dwelling-house from the lands to and upon the lands covered by plaintiff's mortgage, thereby greatly depleting defendant's security. It is further alleged that on February 4, 1926, Pope was in default in the payment of interest on the mortgage, and, as security for the payment of the same, executed a second mortgage to her upon the lands covered by plaintiff's mortgage; that the second mortgage contained this provision: "This mortgage constitutes a first mortgage on the residence on the land herein mortgaged, said residence having been removed by said parties of the first part herein [Pope and wife] without any authority from or consent of the said party of the second part herein [Mrs. Smith] from the said Farm Unit 'D' according to the Farm Unit plan, to and upon the lands and premises herein mortgaged and said parties holding the first mortgage on the said lands and premises herein mortgaged knew of the removal of said house and knew that they had no right to a mortgage on same."

It is further alleged that the mortgage of plaintiff is in effect a renewal mortgage of one executed on August 30, 1919, by Pope and wife to Walter R. Day, and that the dwelling-house in question was then located on farm unit D; that at the

time of the execution of plaintiff's mortgage the agent of the mortgagees "knew and had known for a long time prior thereto that the dwelling house was formerly located on the said land owned by Madison B. Jackson and that it was covered by the mortgage executed by Jackson to the Merchants National Bank," and subsequently assigned to defendant. It does not appear when defendant and her predecessors in interest first learned of the removal of the dwelling-house from farm unit D. It is alleged that the lands covered by the mortgage of defendant without the dwelling-house is insufficient to satisfy the mortgage indebtedness, and that Jackson, Pope and wife are insolvent.

Defendant sought judgment for the foreclosure of her mortgage on farm unit D and the dwelling-house moved therefrom to the lands covered by plaintiffs mortgage; that farm unit D be sold, and, if the amount received from such sale was insufficient to satisfy the mortgage indebtedness, that the dwelling-house be sold; that the purchaser thereof be given a reasonable time within which to remove the dwelling-house; and that defendant's lien upon the dwelling-house be declared prior to that of plaintiff.

Plaintiff's demurrer to the answer was sustained, and his motion to strike the cross-complaint was granted; defendant refused to further plead, and judgment of foreclosure of plaintiff's mortgage was entered. Defendant appeals from the judgment.

It is contended by defendant that the dwelling-house was unlawfully removed from the lands covered by her mortgage, that such removal did not free it from the lien of her mortgage, and that plaintiff's rights are subsequent to her lien. The contention must be sustained.

A demurrer admits the truth of the facts well pleaded, and a motion to strike is in effect a general demurrer, and the allegation stricken will be deemed admitted. (*Downs* v. *Nihill,* 87 Mont. 145, 286 Pac. 410.)

The cross-complaint alleges that the agent and representative of the mortgagees, who obtained the note and mortgage in suit,

at the time of the execution of the same, "knew and had known for a long time prior thereto that the dwelling-house on the land on which he obtained the mortgage * * * was formerly located on the lands owned by Madison B. Jackson and that the said dwelling house was covered by the mortgage" now owned by defendant. Plaintiff, as assignee, took the mortgage subject to all defenses that might have been available against it in the hands of the mortgagee. Here, the promissory ▆ notes, secured by plaintiff's mortgage, are payable to order and the law is settled in this state that "a negotiable instrument, payable to order, must be indorsed by the payee, in order to preserve its negotiability in the hands of a subsequent holder. A transfer without indorsement destroys its negotiable character, and the assignee takes it subject to all such defenses as might have been available against it in the hands of the payee." (*Cornish* v. *Woolverton,* 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 49; *First Nat. Bank of New Castle* v. *Grow,* 57 Mont. 376, 188 Pac. 907.)

There is not any allegation in the complaint that the notes ▆ were indorsed by the payee, but it is alleged "that prior to the commencement of this action H. M. Langrack and Caroline Day assigned the said mortgage * * * to the plaintiff herein, and that the plaintiff herein is now and ever since has been the lawful owner and holder of the said mortgage, together with the notes, and is entitled to sue thereon." Thus any defense that was available against the payees and mortgagees may be interposed against plaintiff.

Defendant's mortgage, when given, was a pledge of all that ▆▆ then constituted the realty. Presumably the loan of money evidenced by the note which the mortgage secured was given on the strength, not of the land alone, but of the building, which was a part of it. Under the terms of the mortgage, the mortgagor had the right to the use of the premises, but no right whatever to commit waste or remove buildings, or do any other act which would impair the mortgagee's security. (Sec. 8254, Rev. Codes 1921.) The removal of the building by the mortgagor, without the knowledge or consent of the

mortgagee or its assignee, did not extinguish the mortgage lien of defendant, and plaintiff stands in no better position than the assignor, for it is alleged that at the time of the execution of plaintiff's mortgage the mortgagee knew that the dwelling had been removed from the lands covered by defendant's mortgage. (*Dorr* v. *Dudderar*, 88 Ill. 107; *Partridge* v. *Hemenway*, 89 Mich. 454, 28 Am. St. Rep. 322, 50 N. W. 1084; *Johnson* v. *Bratton*, 112 Mich. 319, 70 N. W. 1021; *Dakota Loan & Trust Co.* v. *Parmalee*, 5 S. D. 341, 58 N. W. 811; *Bowden* v. *Bridgman*, (Tex. Civ. App.) 141 S. W. 1043; *Verner* v. *Betz*, 46 N. J. Eq. 256, 19 Am. St. Rep. 387, 7 L. R. A. 630, 19 Atl. 206; *Turner* v. *Mebane*, 110 N. C. 413, 28 Am. St. Rep. 697, 14 S. E. 974; *Hamlin* v. *Parsons*, 12 Minn. 108 (Gil. 59), 90 Am. Dec. 284; 1 Jones on Mortgages, 8th ed., 745; 19 R. C. L. 324; 41 C. J. 626.)

Professor Jones, referring to the cases which hold that by the removal of a building from mortgaged premises the mortgagee loses his right to the property, though he might still have a cause of action for the waste, says: "But justice seems to demand, and authority supports this position, that one purchasing what he either actually or constructively knows to be mortgaged to another shall not be allowed to shelter himself behind his wrongful act, and say that thereby the nature of the property has been changed." (1 Jones on Mortgages, 8th ed., 746.)

But it is contended by plaintiff that defendant's cross-complaint is not authorized by statute, and that the court properly ruled in granting the motion to strike.

Section 9151, Revised Codes of 1921, relating to cross-complaints, in so far as pertinent provides: "Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, * * *

a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person  *  *  *  relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates.''

This section does not require that the affirmative relief sought by the cross-complaint shall affect only the property to which the plaintiff's action relates. It is sufficient if the relief sought depends upon ''the subject matter upon which the action is brought or affecting the property to which the action relates,'' and to some effect defeats, overcomes, or affects plaintiff's cause of action, or lessens, modifies, or interferes with the relief sought by plaintiff. (*Callender* v. *Crossfield Oil Syndicate*, 84 Mont. 263, 275 Pac. 273; *Yorba* v. *Ward,* 109 Cal. 107, 38 Pac. 48, 41 Pac. 793.) It has been held that a defendant may by cross-complaint obtain relief affecting land in addition to that involved in the plaintiff's action, when the cause of action set out in the cross-complaint includes additional land, as well as that with which the plaintiff is concerned. (*Stockton Sav. & Loan Soc.* v. *Harrold,* 127 Cal. 612, 60 Pac. 165; *Loughridge* v. *Cawood,* 97 Ky. 533, 31 S. W. 125; *Morrison* v. *Morrison,* 140 Ill. 560, 30 N. E. 768; *Phillips* v. *Anthony,* 47 S. C. 460, 25 S. E. 294.)

Defendant's lien upon the dwelling-house, which plaintiff seeks to have sold as a part of the real estate covered by his mortgage, has not been extinguished; the relief sought by defendant relates to the subject matter of the action and affects a part of the property involved, and to some extent tends to interfere with the relief sought by plaintiff. The fact that defendant's cross-complaint affects lands not involved in plaintiff's cause of action does not defeat defendant's right to a determination of the questions presented by the cross-complaint.

Defendant's answer presented issues of fact and the cross-complaint stated a cause of action. It follows that the judgment must be and is reversed and the cause remanded to the

district court of Yellowstone county, with directions to vacate and set aside its order sustaining plaintiff's demurrer to the answer and granting the motion to strike the cross-complaint and to enter an order overruling the demurrer and denying the motion to strike.

The opinion promulgated September 24, 1931, is withdrawn and this one substituted instead. The petition for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.