## LITTLEFIELD v. BROWN et al.

No. 8629—Opinion Filed April 23, 1918.

(172 Pac. 643.)

(Syllabus.)

1. **Process—Service of Original Summons— Effect—Filing of Cross-Petition.**

When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of the filing of a cross-petition by a codefendant.

2. **Mortgages—Foreclosure Suit—Summons —Statute—Indorsement on Writ.**

Rev. Laws 1910, § 4705, does not require the summons in a foreclosure suit, where personal service has been had, to advise the defendant of the nature of the action against him and the kind of judgment that will be rendered. Nor is it necessary, the action not being for the recovery of money only, to indorse on the writ the amount for which, with interest, judgment will be taken if the defendant fail to answer. Following Horton v. Haines, 23 Okla. 878, 102 Pac. 121.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Suit by C. H. Brown against Jesse E. Burr, C. B. Littlefield, and others, with answer and cross-petitions by the other defendants. Judgment for plaintiff and in favor of the cross-petitioners, and defendant C. B. Littlefield moved to vacate and set aside the judgment, and from an order overruling his motion he brings error. Affirmed.

Adams & Wills, for plaintiff in error.

C. B. Holtzendorff and P. W. Holtzendorff, for defendants in error.

TURNER, J. On December 16, 1915, defendant in error C. H. Brown sued Jesse E. Burr to recover upon a promissory note executed by said Burr to Gum Bros., and to foreclose a mortgage on certain lands described to secure the same. Plaintiff alleged that he was the owner and holder of said note and mortgage in due course; that the same was due and unpaid, and asked that the same be declared a first lien on the premises and that the same be foreclosed. Plaintiff further alleged that plaintiff in error C. B. Littlefield and defendants in error J. Z. Hogan,

Kansas Wholesale Grocery Company, C. F. Godbey, First National Bank of Claremore, Kerfoot-Miller & Co., Julia Clements, state of Oklahoma, Lin C. McConnell, Chas. R. Ward, M. H. Gordon, and Joe Wicks claimed some title or interest in the property, and asked that they be required to appear and set up their interests, if any they had. Personal service of summons was had upon all defendants save and except J. Z. Hogan. Kansas Wholesale Grocery Company, Kerfoot-Miller & Co., state of Oklahoma, and Lin C. McConnell. Defendants in error McConnell, Gordon, Godbey, First National Bank of Claremore, and Kansas Wholesale Grocery Company, and the state of Oklahoma ex rel. E. M. Gallaher, county attorney of Wagoner county, appeared and filed their separate answers and cross-petitions, in effect, that each had a lien upon said property superior to plaintiff's, and asked that the same be foreclosed and that the land be sold to satisfy the same. Plaintiff in error, C. B. Littlefield, and defendants in error Jesse E. Burr, Julia Clements, Joe Wicks, and Chas. R. Ward made default. Kerfoot-Miller & Co. and J. Z. Hogan appeared and filed disclaimers.

No notice or process was served upon plaintiff in error of the filing of said cross-petitions. The cause proceeded to trial upon the issues thus joined, and judgment was rendered in favor of plaintiff and in favor of the cross-petitioners establishing their liens on the premises and ordering the property sold to satisfy the same. Thereafter plaintiff in error appeared and filed his motion to vacate and set aside said judgment in so far as the same attempted to adjudge and determine the rights between him and his said codefenants, which said motion, upon hearing, was overruled. From the order overruling the motion to vacate, plaintiff in error prosecutes this appeal, and for reversal contends that the judgment was void, because rendered against him by default, without service of summons or notice of any kind given him of the filing of said cross-petitions by his codefendants.

This question has not been directly passed upon by this court. The authorities are somewhat in conflict upon the proposition. Our statute nowhere provides for service of summons on all parties interested upon the filing of an answer and cross-petition, and we are of opinion that, where a party to an action is personally served with summons, he is in court for every purpose connected with the action, and bound to take notice of all proceedings that follow. This is the rule announced by the Supreme Court of Kansas, from which our Code of Civil Procedure was adopted. In Jones v. Standiferd et al., 69 Kan. 513, 77 Pac. 271, the court said:

"Mary P. Jones and her codefendant, T. B. Jones, were duly served with summons in the suit brought by the Wisconsin Planing Mill Company to foreclose its lien. They were bound to take notice of the cross-petition of Hiram Holt, filed thereafter, in which he asked for and obtained a decree for the foreclosure of his mortgage and an order of sale of the property in controversy. In Kimball and Others v. Connor, Starks and Others, 3 Kan. 414, 431, it was said: 'When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein.' In Curry v. Janicke, 48 Kan. 168, 29 Pac. 319, it was held that when a party has been properly served with summons he must take notice of an answer and cross-petition filed by a defendant who was made a party to the action after the answer-day named in the summons."

In Shellabarger v. Sexsmith, 80 Kan. 530, 103 Pac. 992, in the syllabus the court said:

"In a mortgage foreclosure suit judgment was taken by default against the mortgagor, who was served personally. At the same time it appeared that a person claiming an interest in the land had been omitted, and an order was included in the foreclosure decree allowing him to be made a party. The petition was amended and he was duly served. He answered setting up a second mortgage, given by the defaulting defendant, and prayed a personal judgment against him, which in due time was entered without further notice or appearance. Held, the defendant in default was bound to take notice of the proceedings and the judgment against him is not void."

To the same effect, see Lawson v. Rush, 80 Kan. 262, 101 Pac. 1009.

In an action to foreclose a mortgage, the statute (Rev. Laws 1910, § 4691) makes it the duty of the court to require that every person claiming an interest in the property be made a party to the action, to the end that all rights respecting such property may be adjudicated, thereby preventing a multiplicity of suits. Blansbard v. Schwartz, 7 Okla. 23, 54 Pac. 303. Plaintiff in error made no effort to determine why he was made a party to the action brought by Brown to foreclose his mortgage on the property involved; neither did he attempt to assert any lien or claim which he might have had upon the property. Had he made the slightest investigation, he would have discovered that plaintiff was attempting to

foreclose a mortgage upon property upon which, he alleges, he holds a mortgage, and he would have been given an opportunity to assert any 'claim he might have had on the property. But instead he preferred not to do so, and, after judgment had been entered against him by default, he filed his motion to vacate for certain reasons heretofore stated. The judgments rendered on the cross-petitions were not void for failure to serve plaintiff in error with notice of the filing of said cross-petitions by his codefendants, and the court did not err in so holding. A majority of the states wherein a contrary rule has been announced by the courts have statutes requiring the service of notice of the filing of a cross-petition. But we have no such statute.

Plaintiff in error relies upon the case of Griffin et al. v. Jones et al., 45 Okla. 305, 147 Pac. 1024, as supporting his contention that service of summons upon a cross-petition is necessary. That was an action brought by James K. Jones, administrator, against A. S. Griffin and Chas. A. Sandals to recover upon certain promissory notes and to foreclose a mortgage. Service by publication was attempted to be had upon Griffin and Sandals. Defendant Sterling Oil Company was duly served, but did not appear. Defendants Frick-Ried Supply Company and James Taylor appeared and filed their answers and cross-petitions. No service of summons or notice was given defendants Griffin and Sandals of the filing of said cross-petitions, and they did not appear. Upon a trial, the court rendered personal judgment against them for the respective amounts prayed for in the petition and cross-petitions. It appears that the court rendered judgment on two notes past-due and also on eighteen notes not due, and ordered the property sold to satisfy said judgments. On the day the case was called for trial, plaintiff filed an amended petition, setting up four additional causes of action upon notes which had matured since the filing of the original petition. After the expiration of the term of court, Griffin and Sandals and Sterling Oil Company appeared and filed their motion to vacate said judgment for certain jurisdictional and nonjurisdictional reasons, which motion was overruled and an appeal taken to this court. In an opinion by Mr. Justice Riddle, we held that the service of summons attempted to be had upon defendants Griffin and Sandals, was void for the reason the affidavit for publication was void, and for that reason the judgment against them was likewise void for want of jurisdiction. We further held the judgment void for the reason that the peti-

tion did not state a cause of action upon eighteen notes yet immatured, and in reversing the judgment, said:

"We are of opinion that the petition failed to state a cause of action as to all the notes, except the first two notes sued on, amounting to $1,784.90, and, had plaintiff taken a separate judgment for this amount, that part of the judgment would be affirmed. But, in that these two causes of action and the fourth additional cause of action were included in the judgment, it is necessary to reverse the entire judgment."

We further held that the filing of said amended petition declaring on additional notes due since the filing of the original petition, without notice to defendants, was such an irregularity as to require a vacation of said judgment, and in passing said:

"There is no contention that any appearance was made, so far as relates to the cross-petitions or the judgments rendered thereon; neither is it contended that there was any summons served or notice of any kind given to defendants on said cross-petitions."

But we do not think the question here under consideration was either presented or passed upon in the above case. The summons which was served upon plaintiff in error in the trial court recites:

"If the defendant fails to appear, judgment will be taken for the sum of $198.43, with interest at the rate of 10 per cent. per annum, payable annually from the 15th day of December, 1915, $50 attorney's fee, and costs of suit."

Judgment was rendered for approximately $4,000. Plaintiff in error contends that under Rev. Laws 1910, § 4705, the court was without jurisdiction to render a judgment for a greater amount than that indorsed on the summons. This contention is without merit. In Horton v. Haines et al., 23 Okla. 878, 102 Pac. 121, in the syllabus we held:

"That part of section 4259, Wilson's Rev. & Ann. St. 1903, which provides that the summons shall be 'directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the praecipe for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs'—does not require the summons in a foreclosure suit, where personal service has

been had, to advise the defendant of the nature of the action against him and the kind of judgment that will be rendered. Nor is it necessary, the action not being for the recovery of money only, to indorse on the writ the amount for which, with interest, judgment will be taken if the defendant fail to answer."

Finding no error requiring a reversal, the judgment of the trial court is affirmed.

All the Justices concur.