**RICE et al. v. BONTJES et al.**

No. 16519—Opinion Filed Oct. 19, 1926.

(Syllabus.)

1. **Process—Effect of Service of Original Summons—Notice of Filing of Cross-Petition by Codefendant.**

When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of a filing of a cross-petition by a codefendant.

2. **Judgment—Validity of Default Judgment not Affected — Pendency of Motion to Quash Service of Summons on Cross-Petition.**

Where, without a praecipe being filed, and without other authority, the court clerk issues a summons upon the filing of a cross-petition, such unauthorized summons is a mere nullity, and a motion to quash such ser-

vice of summons, filed out of time, is not such a pleading, properly filed, which though undisposed of, as will affect the validity of a judgment by default. .

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by J. H. Bontjes against A. L. Rice and Isabelle Rice, the Chickasaw National Bank, and others for foreclosure of a real estate mortgage. Answer and cross-action by the bank. Judgment by default for cross-petitioner against the defendant Rice, from which they appeal. Affirmed.

C. T. Rice, for plaintiffs in error.

C. G. Moore, for defendants in error.

RILEY, J. Herein plaintiffs in error seek to vacate a judgment against them and in favor of their codefendant, the Chickasaw National Bank, rendered upon said codefendant's cross-petition. The action was originally begun by J. H. Bontjes, as plaintiff, against A. L. Rice, Isabelle Rice, the Chickasaw National Bank of Purcell, and other defendants. The plaintiff sought to foreclose a real estate mortgage. Personal service of summons was had upon A. L. and Isabelle Rice and the "answer" day contained in said summons was the 12th day of May, 1924, and A. L. and Isabelle Rice defaulted in their answer. The Chickasaw National Bank filed its separate answer and cross-petition on May 7th. The court clerk's docket shows a summons was issued on the 7th day of May on the cross-petition of said bank. No praecipe was found to authorize the clerk so to act and the sole counsel for the cross-petitioner testified that he did not authorize the issuance of said summons. On June 19, 1924, A. L. and Isabelle Rice filed a "special appearance and motion to quash service" directed particularly and solely to the summons issued upon the cross-petition. On December 9, 1924, while said motion to quash service was yet pending, the court rendered judgment in favor of the Chickasaw National Bank, cross-petitioner and co-defendant, and against A. L. and Isabelle Rice, codefendants, in the sum of $2,680.33, and foreclosure of a mortgage. A. L. and Isabelle Rice filed their motion to vacate judgment, and the same was duly overruled, and from this order of the court this appeal is perfected.

Plaintiffs in error rely wholly upon the case of Oklahoma State Bank v. Buzzard, 61 Okla. 88, 160 Pac. 462, in their contention "that there can be no default judgment where there is on file answer or other pleading raising questions of law or fact."

In the Buzzard Case the plaintiff in error filed a motion to quash service of summons within time. Herein no permission of court was obtained permitting plaintiffs in error to file their pleading out of time. In the Buzzard Case the motion to quash was a duplicate of a former motion, which had been overruled, but thereafter the plaintiff below had been given permission and had amended his petition, and it is evident that this court, speaking through Commissioner Robertson, considered that the motion as filed was pertinent; not frivolous and without merit. 34 C. J. 171, par. 384. See, also, A., T. & S. F. Ry. Co. v. Lambert, 31 Okla. 300, 121 Pac. 654; Ann. Cas. 1913E, 329.

In 34 C. J. 169, the rule is announced as follows:

"A judgment by default or nil dicit cannot be entered against a defendant while an answer or other pleading by him, raising an issue of law or fact, is properly on file in the case and not disposed of. * * * This rule applies even though defendant's pleading is filed out of time or is defective in form or substance, unless it is such that it may be treated as a mere nullity; and even though defendant does not answer on being called."

In the case at bar the Rice litigants were in court and in default irrespective of the unauthorized summons served upon them.

In Littlefield v. Brown, 68 Okla. 144, 172 Pac. 643, it is said:

"When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of the filing of a cross-petition by a codefendant." Jones v. Standford, 69 Kan. 513, 77 Pac. 271.

We, therefore, hold that the second summons served upon the cross-petition was unnecessary, without authorization of the defendants in error, and was without provision of statute and constituted a mere nullity. The motion to quash its service was a mere nullity. It accomplished nothing. The object of such a motion is to avoid jurisdiction of the person. Here jurisdiction of the person had already been obtained by reason of the original summons. The only reasonable pleading that could have been filed directed against this second summons and the service thereof would have been a motion to strike for the sole purpose of purging the record. So we hold that the trial court was without error and within the exception to the general rule above announced in overruling plaintiffs in error's motion to set aside the judgment theretofore rendered. The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 32 Cyc. p. 424. (2) 34 C. J. p. 172, §384 (Anno.) ; 32 Cyc. p. 424.