## WOOD v. SPEAKMAN.

No. 20339. Opinion Filed Oct. 6, 1931. Rehearing Denied Nov. 24, 1931.

Hughes & Dickson, for plaintiff in error.

Ross Rizley and Orlando F. Sweet, for defendant in error.

HEFNER, J. E. O. Wood, who will be here referred to as defendant, appeals from a judgment of the district court of Texas county, overruling his motion to vacate a judgment entered in that court against him in favor of his codefendant, Guy S. Speakman.

The judgment assailed was rendered on the 6th day of November, 1923, in an action brought by Cordia E. Osgood against defendant and Guy Speakman, to recover on a promissory note and to foreclose a real estate mortgage executed by defendant to Osgood.

Defendant executed a second mortgage in favor of Speakman on the same land covered by the Osgood mortgage and also covering land not included in the Osgood mortgage.

The judgment assailed decreed a foreclosure of Speakman's mortgage, foreclosing both tracts. Summons was not served upon Wood, but he filed the following written waiver of summons:

"Comes now E. O. Wood and Julia Wood, his wife, and voluntarily enter their appearance in this cause, and waive the issuance and service of summons in this cause, and make a general appearance in this cause."

Defendant first contends the judgment is void for the reason that cross-petitioner, Speakman, failed to serve him with summons. We are inclined to agree with this contention. In the case of Littlefield v. Brown, 68 Okla. 144, 172 P. 643, this court said:

"This question has not been directly passed upon by this court. The authorities are somewhat in conflict upon the proposition. Our statute nowhere provides for service of summons on all parties interested upon the filing of an answer and cross-petition, and we are of the opinion that, where a party to an action is personally served with summons, he is in court for every purpose connected with the action, and bound to take notice of all proceedings that follow. This is the rule announced by the Supreme Court of Kansas, from which our Code of Civil Procedure was adopted."

It is contended that the rule announced in the above case cannot be applied in the case at bar for the reason that the cross-petition of Speakman was not filed until after the time fixed by law for Wood to plead had expired. Wood entered a general appearance on June 27, 1923, and filed no further pleadings. He had 20 days after he filed his appearance in which to plead. Speakman did not file his cross-petition against Wood until August 14, 1923. We are inclined to agree with the contention that when Speakman filed his cross-petition, after the time had elapsed for the defendant Wood to plead, it was necessary for Wood to have notice of the cross-petition. It was the duty of Wood to take notice of all pleadings filed in the cause up and until the time had expired for him to plead.

Wood may have had no defense to the cause of action pleaded by the plaintiff, and, if he did not, he naturally would not contest that cause of action. On the other hand, he may or may not have had a defense to the cause of action pleaded by his codefendant, Speakman. Litigation is often drawn out over a long period of time. We think it would be an unnecessary hardship upon a defendant, who had no defense to a cause of action pleaded by the plaintiff, to watch all pleadings filed through the entire course of the litigation for the purpose of seeing whether or not a codefendant filed a cross-petition against him. The better rule, it seems to us, where Speakman filed his cross-petition against Wood, after the time for Wood to plead had expired, would be to require Speakman to give Wood a proper notice of the cross-petition. This would give an opportunity to defend against a cross-petition if it was the desire so to do.

We recognize that the rule announced by the Kansas cases goes further than this, but we are not inclined to follow them in extending the rule further than announced herein. Where a defendant files a cross-petition against a codefendant, after the time has expired for the codefendant to plead, we think it is better practice to require the defendant to serve notice of his cross-petition upon his codefendant. It follows that, since this was not done in this case, the judgment of Speakman against his codefendant, Wood, cannot be sustained.

Defendant further contends that the judgment is void for the reason that it decreed a foreclosure of lands other than those contained in plaintiff's mortgage; that the cross-petition to this extent is not germane to the cause of action pleaded in plaintiff's petition, and that the judgment foreclosing the mortgage as to such tract is for this reason void. The authorities seem to be against this contention. In the case of U. S. Mortgage & Trust Co. v. Marquam (Ore.) 69 P. 37, the court said:

"A cross-complaint brought against a mortgagor by one of the parties defendant to a suit to foreclose the mortgage may extend to all the property covered by the cross-complainant's lien, and need not be confined to the property covered by the original mortgage."

In discussing the question here involved, the court further said:

"In this connection it is contended that the title company cannot foreclose as to the lots in block 120, as they are not covered by plaintiff's mortgage, and not the subject of its foreclosure proceedings. These lots were hypothecated, however, by the same instrument, to secure the same obligations to the title company, as the property covered by plaintiff's mortgage, and is as much subject to a foreclosure at the suit of the title company as the other premises. A cross-complaint of a defendant having a lien is, for all purposes, a complaint against the holder of the equity of redemption (Ladd v. Mason. 10 Ore. 317), and may also extend to all property covered by his lien, and thus he may have full relief at once. and not be driven to a foreclosure by piecemeal (Phillips v. Anthony, 47 S. C. 460, 25 S. E. 294, and

182

Society v. Harrold, 127 Cal. 612, 60 Pac. 165)."

In discussing this question, the Supreme Court of California, in the case of Stockton Sav. & Loan Soc. v. Harrold, 60 Pac. 165, said:

"The effect of section 442, Code Civ. Proc., is to require that in cases like the present the relief sought by cross-complaint must be such as affects 'the property to which the action relates,' viz., the property which is the subject of the action brought by the plaintiff. It is argued hence—although in the face of the practice adopted by the court in decreeing the sale of the parcel of 470 acres—that McKee can have no foreclosure on land which plaintiff has not proceeded against. The relief claimed by the cross-complaint in the effort to recover on Cowell's note for $33,000 does affect the land of Cowell against which plaintiff is proceeding, such note being secured by a mortgage which is a second lien on that land. The statute does not require that McKee shall abandon part of his security for the same debt—the later mortgage of May 23d—in filing a cross-complaint for the foreclosure of the other part. It has not been enacted that the affirmative relief sought by the cross-complaint shall affect only the property to which the plaintiff's action relates. As said of a very similar statute: 'The requisite of connection of the defendant's cause of action with the subject of the plaintiff's action is not defined or restricted by the statute. There must only be some connection.' Metropolitan Trust Co. v. Tonawanda V. & C. R. Co., 43 Hun. 521, affirmed in 106 N. Y. 673, 13 N. E. 937. It has been several times held that a defendant may, by cross-complaint or cross-bill, obtain relief affecting land in addition to that involved in the plaintiff's suit, when the cross-complainant's cause of action includes such additional land, as well as that with which the plaintiff is concerned. Loughridge v. Cawood, 97 Ky. 533, 31 S. W. 125; Morrison v. Morrison, 140 Ill. 560, 30 N. E. 768; Phillips v. Anthony, 47 S. C. 460, 25 S. E. 294.

"A second objection is that new parties— E. C. Cowell, Westbay, and West—are brought into the action by the cross-complaint in the attempt to foreclose the mortgage of May 23d. This, in itself, is no substantial objection, if the cause of action to which they are made parties defendant is the proper subject of a cross-complaint. Mackenzie v. Hodgkin (Cal.) 59 P. 36, and cases cited: Loughridge v. Cawood, 97 Ky. 533, 31 S. W. 125. The apprehension expressed by plaintiff that said new parties might themselves file a cross-complaint involving the lands affected by Cowell's mortgage of May 23d and yet other lands, and so an 'endless continuity' of cross-complaints might occur, is without foundation. There could be no proper cross-complaint which does not in some manner affect 'the property to which the action relates.' viz., the property which is the subject of the plaintiff's complaint."

The cross-petition in part related to the property sought to be foreclosed by plaintiff. Cross-petitioner could, therefore, in the same action, foreclose his mortgage on all the land covered thereby, and the trial court was correct in so holding.

The judgment, however, must be reversed because of the error committed in allowing the defendant, Speakman, to recover judgment on his cross-petition against his codefendant, Wood, without notice thereof being served on Wood.

Reversed and remanded.

· LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, and KORNEGAY, JJ., concur. RILEY and McNEILL, JJ., dissent. ANDREWS, J., concurs in conclusion.

———————————

ANDREWS, J. (concurring specially). I am concurring in the conclusion reached by the majority in this case, but I cannot concur in that portion of the opinion which seems to give approval to the rule stated in Littlefield v. Brown, 68 Okla. 144, 172 P. 643.

Section 315, C. O. S. 1921, provides as follows:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

The evident purpose thereof is that the defendant in an action may have notice of any change in the claim made by the plaintiff in the action. In the absence of notice of the filing of an amended petition, the defendant is authorized to assume that there has been no change made in the claim as stated in the original petition. Such is the effect of the other statutes on pleadings.

No greater right should be given to a defendant against another defendant than is given a plaintiff against a defendant, and a defendant ought not to be permitted to take a judgment against another defendant without giving notice to the defendant of the filing of a claim therefor.

The rule stated in Littlefield v. Brown, supra, is based on the statement made in that case that there is no statute requiring the giving of notice of the filing of a cross-petition. I agree with that statement, and I make the further statement that there is no statute authorizing the filing by a de-

fendant of a cross-petition against another defendant. Since no statutory authority has been given for the filing of a cross-petition, there is no necessity of a statute requiring notice of the filing of a cross-petition.

The filing of a cross-petition by one defendant against another defendant is authorized by no Oklahoma statute. Such practice is authorized by the rules in equity and in order that equity, having assumed jurisdiction, may afford complete relief in one action. The rule is well stated in 21 Corpus Juris, 498. I do not consider it necessary to burden this opinion with a quotation thereof.

The general rule is that, when such a cross-petition is filed, notice of the filing thereof must be given. 21 Corpus Juris, 353.

To hold otherwise is to subject every defendant in a suit to the burden of employing an attorney to represent him in the action or to watch the proceedings in the case from the beginning to the end to prevent a judgment being taken against him on a cross-petition by another defendant.

One might be joined as a defendant in an action to foreclose a real estate mortgage for the purpose of quieting title against some cloud on the title of record in the name of the defendant. The defendant might claim no interest in the property and, after informing himself of the claim of the plaintiff, might decline to employ an attorney and might neglect or be unable to keep himself informed as to the proceedings in the action. He might be a resident of some county situated far removed from the county in which the action is pending.

I cannot give my approval to a rule which authorizes personal judgment to be rendered against him on a cross-petition filed against him by another defendant and of which he has been given no notice. There is nothing in the statute that authorizes such procedure. In my opinion, it is in violation of his rights under the Constitution of the United States. I think that the rule announced in Littlefield v. Brown, supra and stated in Rice v. Bontjes, 121 Okla. 292, 250 P. 89, Harmon v. Nofire, 131 Okla. 1, 267 P. 650, and W. W. Bennett & Co. v. LaFayette, 133 Okla. 233, 271 P. 248, should be overruled. The law ought not to be a trap in which litigants may be caught, and a litigant ought not to be required to employ an attorney to defend himself in an action when he knows that he has no defense to the action. If the cause of action is changed by the filing of an amended

petition, a supplement to the petition, or a cross-petition, he should be given notice thereof that he may have an opportunity to defend his rights. If he is to be deprived of that right and if he is to be subjected to a claim of which he is given no notice, in my opinion, it should be by a legislative enactment and not by a decision of a court which has been established to protect rather than to destroy rights. The Legislature of Oklahoma has made no such provision, but, on the contrary, it has said that the plaintiff may amend his petition, but that notice of the amendment shall be served upon the defendant or his attorney (section 315, supra, and section 316, C. O. S. 1921), and that supplemental pleadings may be filed, "on notice." Section 323, C. O. S. 1921.

I am authorized to state that Mr. Justice SWINDALL concurs in the views herein expressed.

---

RILEY, J., (dissenting). The majority decision is in conflict with the rule of law established in Rice v. Bontjes, 121 Okla. 292, 250 P. 89, and Littlefield v. Brown, 68 Okla. 144, 172 P. 643, which is as in those cases stated:

"When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of a filing of a cross-petition by a codefendant."

Long ago we adopted the rule existing in the state of Kansas as disclosed by the Littlefield-Brown Case. It is more desirable that pleading and practice be settled for the benefit of all litigants than that departures be made from the general and established procedure in the fancied interest of some equity.

McNEILL, J., concurs in this dissent.