## CENTRAL NAT. BANK et al. v. SHARP.

No. 22319. June 26, 1934.

Cochran & Noble, S. L. O'Bannon, and Joseph J. Rosenbloom, for plaintiffs in error.

John H. Alsop, for defendant in error.

RILEY, C. J. The sole question involved in this appeal goes to the validity of a judgment rendered in favor of one defendant against his two codefendants upon an answer and cross-petition in a proceeding to foreclose a mortgage given to secure a note executed by such answering defendant to a loan company, wherein the other defendants were joined as claiming an interest in the property, where one of such codefendants had made default and the other had filed a disclaimer, and the principal defendant filed no plea whatever until after the answer day fixed in the summons. His answer and cross-petition was filed two days out of time, by leave of court, but without notice to his two codefendants against whom he sought relief. No copy of the plea was served upon them, nor were they otherwise notified thereof until nearly one year after judgment was entered against them upon the cross-petition.

Plaintiffs in error were the two codefendants, and defendant in error was the principal defendant and maker of the note and mortgage. The plaintiffs in error were regularly served with summons, and the answer day for them was the same as that of defendant in error Sharp, viz., June 19, 1927. The Central National Bank filed no pleading whatever in the principal case. The claim of defendant in error was that he had conveyed the property to his codefendants shortly after he executed the note and mortgage, and that they had assumed and agreed to pay said indebtedness. The deed made no mention of the assumption of the indebtedness or agreement to pay same. Sharp was relying upon an alleged oral contemporaneous agreement as a part of the consideration for the deed.

Motions and amended motions to set aside the judgment so obtained were filed about one year after the judgment was obtained, it being alleged that plaintiffs in error first learned of the judgment against them about October 5, 1928. Hearing was had resulting in a finding that:

"The last day for answer to the original petition was Saturday June 19, 1927, and that on Monday, June 21, 1927, simultaneously with the taking effect of the default made on Saturday, June 19, 1927, the defendant, J. W. Sharp, was permitted to file his answer in said cause; that in the proceedings in so doing and thereafter had in said cause there was no fraud practiced on the part of the defendant, J. W. Sharp, or his attorney, John H. Alsop, and that the defendants were not prevented by any unavoidable casualty or misfortune from defending against the claim of the said J. W. Sharp set forth in his answer. * * *"

Relief against the judgment was denied, and the defendant banks prosecute this appeal against defendant Sharp.

Defendant in error contends that the rule is well settled in this state as well as the

state of Kansas, from which our Code of Civil Procedure was taken, that "when the original summons is served, the defendants are in court for every purpose connected with the action, and defendants are bound to take notice of the filing of a cross-petition by a codefendant."

He relies upon Littlefield v. Brown, 68 Okla. 144, 172 P. 643; Rice v. Bontjes, 121 Okla. 292, 250 P. 89; Harmon v. Nofire, 131 Okla. 1, 267 P. 650; Jones v. Standiferd, 69 Kan. 513; Curry v. Janicke, 48 Kan. 168, and other similar cases.

Prior to the decision of this court in Wood v. Speakman, 153 Okla. 180, 5 P. (2d) 121, it was thought by many that such rule applied whether the answer and cross-petition was filed before or after the time had expired for plea to be filed. Such was the view of the writer expressed in the dissenting opinion in that case. But in that case it was held:

"Where a defendant to an action has waived service of summons and has entered his general appearance in the cause, he is in court for every purpose connected with the action and must take notice of all pleadings, including a cross-petition against him so long as the time has not expired for him to plead. After the expiration of such time, if a codefendant files a cross-petition against him, he must be served with notice thereof before a judgment taken thereon will be valid against him."

That case appears to be squarely in point. Although the writer hereof did not concur in that opinion, it is plain that thereunder the judgment obtained by defendant in error herein was invalid, and it was error not to set it aside, and the order of the court refusing so to do must be, and is hereby, reversed, and the cause remanded, with directions to set the judgment aside and permit defendants to make whatever defense they may have.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. BAYLESS, BUSBY, and WELCH, JJ., absent.