## TURNER et ux. v. DEXTER.

No. 24890.  May 14, 1935.

Williams & Williams, for plaintiffs in error.

J. B. Moore and C. C. Wilkins, for defendant in error.

PER CURIAM. On November 1, 1925, plaintiffs in error executed an extension agreement for the first mortgage on land owned by them in Love county, Okla.; and at the same time executed and delivered a note and second mortgage to defendant in error upon said land for indebtedness due the defendant in error, who had paid interest and delinquent taxes before the extension of the first mortgage had been secured. The principal testimony of the plaintiffs in error was to show the court that they had received no consideration for the note and at the time the summons was served upon them the defendant in error had a suit against them pending in a court in East Texas upon the note. In answer, defendant in error gave testimony to show full consideration for the note, and that same had been merged into the judgment, and the suit in East Texas had been dismissed and the order entered June 6, 1932.

A portion of the judgment of the trial court was in words and phrases as follows:

"That the judgment sought to be vacated by the said W. E. Turner and O. P. Turner was a judgment entered by default by this court, at which time it had jurisdiction of the defendants, but at the time of entering said judgment a suit was pending against them by J. R. Dexter in the district court of Gregg county, Tex., and that the said W. E. Turner and O. P. Turner were warranted in believing that this suit would not be prosecuted, and that the judgment taken against them was taken without their having their day in court and having the opportunity of producing the testimony, but that after having produced their testimony, the court finds that they have no valid defense to this cause of action and that the said judgment should not be vacated."

From this judgment of the trial court,

plaintiffs in error have perfected their appeal to this court.

The first assignment of error urged by the plaintiffs in error is that the court erred in overruling plaintiffs in error's petition to vacate the judgment, and in support of this contention they advance two propositions of law.

First, that before a judgment by default can be sustained against a defendant on a codefendant's cross-petition, it is necessary that notice of the filing of such cross-petition be given the defendant therein.

Plaintiffs in error admit that this court has long held that a notice of a cross-petition need not be served upon the defendants therein, but they feel that this rule is so utterly out of harmony with the principles of justice heretofore followed by this court, and so contrary to the eyerwhelming weight of authority, as to justify a reconsideration of the matter, citing numerous cases, and devoting the major portion of their brief to this proposition.

In view of the long-settled rule adopted by this court, the plaintiffs in error's contention cannot prevail. This court announced the rule in the case of Littlefield v. Brown, 68 Okla. 144, 172 P. 643, as follows:

"When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of the filing of a cross-petition by a codefendant."

And as this court observed in this same case:

"A majority of the states wherein a contrary rule has been announced by the courts have statutes requiring the service of notice of the filing of a cross-petition. But we have no such statute."

The rule was modified by this court in the case of Glenn v. Prentice, 158 Okla. 73, 12 P. (2d) 170, wherein this court held:

"Where a party to an action has been regularly served with summons, he is in court for every purpose connected with the action, and must take notice of all pleadings, including a cross-petition against him, so long as the time has not expired for him to plead."

See, also, in support of the rule: Rice v. Boutjes, 121 Okla. 292, 250 P. 89; Wood v. Speakman, 153 Okla. 180, 5 P. (2d) 121; and O'Reilly v. Schuermeyer, 156 Okla. 167, 9 P. (2d) 923.

The plaintiffs in error paid no attention whatever to the service of summons, and had they made any effort at all during the time they were required to answer or plead, they would have found the answer and cross-petition against them of this defendant in error. They cannot, after judgment has been entered against them, and after execution has been served on their property, come into court and ask the judgment be set aside because they failed to apprise themselves of what judgment would be rendered against them in a lawsuit against them in which they were duly served with summons.

Plaintiffs in error, secondly, urge in support of their first assignment of error that a void judgment may be vacated without showing a meritorious defense.

Their contention for the application of this well-established principle of law is based on the premise that there must be a notice of a cross-petition before a default judgment may be rendered, and therefore defendant in error's cross-petition was void and the judgment rendered thereon void on its face, citing Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

Since the unbroken line of decisions of this court establishes that no notice of a cross-petition filed before the answer day is necessary, it follows that the cross-petition was not void, nor was the judgment void on its face, notwithstanding a suit was pending on the note in a court of foreign jurisdiction, since the note was surrendered for cancellation and merged in the judgment. Only a judgment void on its face can be vacated at any time on motion of a party or any person affected thereby. See section 563 of 1931 Statutes of Oklahoma; Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700; Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

In the second assignment of error, the plaintiffs in error say that the court below erred in allowing defendant in error to introduce evidence at the hearing for vacating judgment, and urge the proposition of law that an affidavit of a meritorious defense should, for the purpose of a motion to vacate a judgment, be taken as true and no evidence tending to rebut such affidavit should be heard.

Section 559 of the 1931 Statutes of Oklahoma provides:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding

upon the validity of the defense or cause of action."

And section 560 of the 1931 Statutes of Oklahoma provides:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

The trial court is prohibited from vacating a judgment until it is adjudged that there is a valid defense to the action, and a valid defense is a condition precedent to vacate a judgment, and the trial court must hear and determine the facts presented by the pleadings, and must determine that a statutory ground exists for vacating a judgment, and in addition that there exists a valid defense or a valid cause of action, and the trial court is authorized to hear testimony from both parties to the hearing for vacating a judgment as in other cases for the determination of the court without a jury. This was definitely determined by this court in the case of Oklahoma Ry. Co. v. Holt, 161 Okla. 166, 17 P. (2d) 955, wherein it quoted with approval the second and third paragraphs of the syllabus in the case of Watson v. Paine, 25 Ohio St. 340, as follows:

"After the existence of one or more of the causes enumerated in section 534, as grounds to vacate or modify a judgment, had been found by the court, an issue or issues as to the validity of the alleged defense should be made by proper pleadings, and tried as in other cases.

"When the alleged defense has been thus adjudged to be valid, and not before, the court is authorized to make a final order of vacation or modification of the original judgment."

This court, after quoting the aforesaid paragraphs, said:

"So, in the case at bar, it appears that the trial court entered an order of vacation of the original judgment after it had determined from the evidence that the judgment was irregularly entered. This the trial court did not have the authority to do, for the reason that two steps must be taken before the trial court is authorized to vacate the original judgment, and the trial court had only taken one."

See, also, Myers v. Channess, 102 Okla. 131, 228 P. 988; Woodley v. McKee, 101 Okla. 120, 223 P. 346; McKee v. Interstate Oil & Gas Co., 77 Okla. 260, 188 P. 109; Holt v. Spicer, 67 Okla. 60, 166 P. 149.

The judgment of the trial court being without error, we recommend the cause be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys R. M. Parkhurst and J. E. Curran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Parkhurst and approved by Mr. Curran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted as modified.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.