Donnie Ray HORATH, Appellant,

v.

John Theophilus PIERCE, Appellee.

No. 44106.

Supreme Court of Oklahoma.

Jan. 30, 1973.

Brown, Hackler & Wright, McAlester, for appellant.

Lambert, Roberts & Jaques by Frank H. Jaques, Ada, for appellee.

George B. Fraser, Norman, for amicus curiae.

BERRY, Justice.

This appeal involves the validity of the trial court's dismissal of appellant Horath's cross-petition against appellee Pierce, the original and principal defendant below. The only issue is whether cross-defendant Horath was required to prepare and cause a summons to be issued and served on defendant Pierce before the court could hear Horath's cross-petition. The resolution of this issue depends upon this Court's interpreting, for the first time, the meaning and effect of 12 O.S.Supp.1967 § 153, relating to requisites for the issuance of summons.

In order properly to explain how the issue arose only essential pleadings will be mentioned.

The proceedings began on November 11, 1967, by filing of a petition by G. B. and Billye Mansell alleging a cause of action for the death of their daughter Susan Kay resulting from a two car accident on August 18, 1967. The car in which she was a passenger was being driven by Donnie Ray Horath. The driver of the other car was John Theophilus Pierce, the *only* defendant named in the Mansells' original petition. After preliminary pleadings Pierce filed his answer and sought affirmative relief in a pleading incorporated therein styled "Cross-Action." The affirmative relief sought was against appellant Donnie Ray Horath, the driver of the car in which Susan Kay Mansell, deceased, had been a passenger. Pierce's answer and cross-action was filed January 8, 1969, two days after the last answer date set for him by court order allowing an extension of time. Summons on Pierce's cross-action was issued, served on Horath and returned. Only then did Horath become a party to the action.

Horath was then a defendant and Pierce in the position of a plaintiff as related to each other. Pierce sought in his answer and cross-action against Horath recovery for damages against Horath. On February 10, 1969, two days after answer date in summons issued against Horath on Pierce's cross-action, Horath filed Motion to Quash, and on February 11, 1969, he filed Special Appearance, Motion To Quash and Special Plea To The Venue. On March 11, 1969, [Horath's motions, his special appearance and special plea to the venue] these matters were heard and overruled and Horath was given ten days to plead and twenty days to answer. On March 12, 1969, five months and six days before limitations had run, Horath filed his answer and cross-petition to Pierce's cross-action seeking affirmative relief against Pierce for damages. Summons was not prepared, issued or served on Pierce. Pierce did not plead to Horath's cross-petition or respond to it.

■ However, pursuant, to 12 O.S.1961, Ch. 2, App., Rule 1, Rules for District Courts of Oklahoma, effective January 1, 1962, Horath's attorney mailed to opposing counsel of record copies of his answer and cross-petition to cross-action. Amicus curiae cites Central National Bank of Okmulgee v. Sharp, 168 Okl. 516, 34 P.2d 241; Wood v. Speakman, 153 Okl. 180, 5 P.2d 121, with which we agree. Neither of these cases hold that a summons must be served under such circumstances, only a notice. Any objection, therefore, by opposing counsel for Pierce that either they or their client could not properly prepare and defend because not apprised of Horath's cross-petition was untenable and without merit. We find Horath complied with this rule and met requirements of notice even though time for Pierce to plead or answer the Mansells' petition had passed.

The Mansells subsequently, and still within the two year statute of limitations, brought in Horath as to their claims by filing a second amended petition and causing summons thereon to be issued, served on

Horath and returned. On October 24, 1969, *two months and six days after limitations had run*, Pierce dismissed his cross-action against Horath without prejudice. Thereafter, and out of time, Horath's attorneys either mailed or delivered his answer to plaintiffs' second amended petition directly to the court with a cover letter indicating the acquiescence of plaintiffs' attorney in the late filing and an agreement by them not to ask for default against Horath.

The record reflects all the parties were represented during pre-trial conference held February 16, 1970. For the first time, defendant Pierce's attorneys took the position that the court lacked jurisdiction over Pierce as to Horath's cross-petition against him because no summons had ever been issued or service had on Pierce with respect to the cross-petition. They also claimed Horath's cross-petition was barred by the two year statute of limitations. The pre-trial conference order included the following:

"(3) Are the parties proper, necessary, properly identified and the issues made up? Yes, with the exception there is a lengthy discussion and argument presented to the Court concerning the question of *no summons issued or service had on the Defendant Pierce* as to the Cross-Petition filed herein against Defendant Pierce by Defendant Horath, after which the Court enters the following Minute: [emphasis supplied]

"Cross-Defendant Horath dismissed for failure of compliance with Title 12 Okl.Sta.Ann. § 153. * * *"

Horath's attorney requested time to attempt service on Pierce. The request was denied, exceptions taken and allowed and notice of intention to appeal given.

On March 10, 1970, the Mansells dismissed with prejudice as to both Pierce and Horath.

Petition in error was filed in this Court well within the time prescribed by statute.

Horath, plaintiff in error and cross-defendant below, takes the positions in both his brief and reply brief that (1) when once a party to an action has become subject to the jurisdiction of the court he remains so for all purposes and (2) cannot by later dismissing a cross-action or cross-petition previously filed against another defendant deprive that defendant of the right to proceed against him on that defendant's cross-petition, and he cites numerous authorities in support thereof.

Pierce, defendant in error and principal defendant below, simply takes the position that 12 O.S.Supp.1967 § 153, is subject only to the strict construction that any party to an action who seeks affirmative relief from another *must* under *all circumstances* cause summons to be prepared, issued and served against the person from whom he seeks affirmative relief. He says since Horath failed to do this the court had no jurisdiction over him [Pierce] as to Horath's cross-petition.

We will first examine the statute prior to its amendment and the construction, if any, placed upon it by this Court. Prior to its 1967 amendment, 12 O.S.1961 § 153, read in part as follows:

"The summons *shall be issued* by the clerk, upon a written *praecipe filed by the plaintiff*; shall be under the seal of the court from which the same shall issue; shall be signed by the clerk, and shall be dated the day it is issued. * * *" [emphasis added]

Only a part of the first sentence of 12 O.S.Supp.1967 § 153, differs from the 1961 statute. It reads:

"The summons *shall be prepared by the plaintiff*, petitioner, cross-petitioner, intervenor, or any person seeking affirmative relief, and issued by the clerk; * * *." [emphasis added]

Beginning with Littlefield v. Brown, 68 Okl. 144, 172 P. 643, we had numerous occasions to construe either 12 O.S.1961 § 153, or the statute preceding it, prior to its amendment in 1967, or to rule on the jurisdictional effect of failure of issuance and/or service of summons on a party by a cross-petitioning defendant. Rice v. Bontjes, 121 Okl. 293, 250 P. 89; W. W. Bennett & Co. v. La Fayette et al., 133 Okl. 233, 271 P. 248; Wood v. Speakman, supra; Central National Bank of Okmulgee et al. v. Sharp, supra; Turner et ux. v. Dexter, 172 Okl. 252, 44 P.2d 984; Boepple et ux. v. Estill, 181 Okl. 159, 72 P.2d 798; Curtis v. Barby, Okl., 366 P.2d 616. In Littlefield v. Brown, supra, the court, incorporating language from an earlier Kansas case, said 172 P. at p. 644:

"* * * From the order overruling the motion to vacate, plaintiff in error prosecutes this appeal, and for reversal contends that the judgment was void, because rendered against him by default, without service of summons or *notice of any kind* given him of the filing of said cross-petitions by his codefendants.

"[1] This question has not been directly passed upon by this court. The authorities are somwhat in conflict upon the proposition. Our statute nowhere provides for service of summons on all parties interested upon the filing of an answer and cross-petition, and we are of opinion, that, *where a party to an action is personally served with summons,* he is in court for every purpose connected with the action, and bound to take notice of all proceedings that follow. This is the rule announced by the Supreme Court of Kansas, from which our Code of Civil Procedure was adopted. In Jones v. Standiferd et al., 69 Kan. 513, 77 Pac. 271, the court said:

* * * * * *

"* * * 'In Kimball and Others v. Connor, Starks and Others, 3 Kan. 414, 431, it was said: "When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein." In Curry v. Janicke, 48 Kan. 168, 29 P. 319, it was held that when a party has been properly served with summons he must take notice of an an-

swer and cross-petition *filed by a defendant who was made a party to the action after the answer-day named in* the summons.' " [emphasis added]

In the instant case Horath was not made a party defendant until after the answer day named in the summons in the Mansells', plaintiffs', original petition. In fact, Pierce filed his cross-action bringing in Horath two days after the last court ordered extension of time for him to answer. Also, as previously pointed out herein, Horath was two days out of time in filing a motion to quash but thereafter, by court order, he was granted an extension of time to plead or answer. He filed his answer to Pierce's cross-action and his cross-petition to cross-action one day after the hearing on his motions was held. The court order does not reflect who was present at the hearing. But we assume all parties were represented by their attorneys. With the filing of Horath's cross-petition *all parties* had then entered general appearances and submitted themselves to the jurisdiction of the court; the plaintiffs when they commenced their action against Pierce; Pierce when he filed his answer and cross-action against Horath, causing summons to be issued and served on Horath who, until them was *not a party to the suit*; Horath when he filed his answer to Pierce's cross-action and cross-petition against Pierce. All of these proceedings occurred prior to the running of the statute of limitations.

Wood v. Speakman, supra, modified the broad rule announced in Littlefield v. Brown, supra, that once a party was subject to the jurisdiction of the court he was bound to take notice of all pleadings including a cross-petition against him without *notice* or service on him. The court held that the rule in the Kansas cases cited in Littlefield would be followed except where a cross-petition was filed against a co-defendant after the time for him to plead had expired. In Wood v. Speakman, supra, 5 P.2d at p. 122, the court said:

"Defendant first contends the judgment is void for the reason that cross-

petitioner, Speakman, failed to serve him with summons. * * *

"It is contended that the rule announced in the above case cannot be applied in the case at bar for the reason that the cross-petition of Speakman was not filed until after the time fixed by law for Wood to plead had expired. Wood *entered a general appearance* on June 27, 1923, *and filed no further pleadings.* He had twenty days after he filed his appearance in which to plead. Speakman did not file his cross-petition against Wood until August 14, 1923. We are inclined to agree with the contention that when Speakman filed his cross-petition, after the time had elapsed for the defendant Wood to plead, it was necessary for Wood to *have notice* of the cross-petition. It was the duty of Wood to take notice of all pleadings filed in the cause up and until the time had expired for him to plead.

\*     \*     \*     \*     \*     \*

"We recognize that the rule announced by the Kansas cases goes further than this, but we are not inclined to follow them in extending the rule further than announced herein. Where a defendant files a cross-petition against a codefendant after the time has expired for the codefendant to plead, we think it is better practice to require the defendant to serve *notice* of his cross-petition upon his codefendant. It follows that since this was not done in this case the judgment of Speakman against his codefendant, Wood, cannot be sustained." [emphasis added]

The modified rule announced above was followed in Central National Bank of Okmulgee et al. v. Sharp, supra; Turner et ux. v. Dexter, supra; Boepple et ux. v. Estill, supra; and Curtis v. Barby, supra. But in none of these cases does it appear the cross-petitioning defendant whose action was dismissed for his failure to serve a codefendant with summons, either before or after answer day, was himself brought into the action *after* the original answer

day as was true in the Kansas case cited in Littlefield, supra, and as is true of Horath here.

■ Irrespective of the wording in 12 O.S.Supp.1967 § 153, was Horath bound by the foregoing line of cases? We think not. Horath could not have filed his answer to Pierce's cross-action and his cross-petition thereto prior to answer day for Pierce in summons issued for Pierce on the original petition. Horath was not made a party defendant *until brought in by Pierce*. And even though Horath was two days late in filing his first motion to Pierce's cross-action this did not affect the court's jurisdiction over Horath on his cross-petition. It [cross-petition] was filed within the time later allowed by the court, without objection from any party either in the trial court or here on appeal. The trial court's discretion, absent clear and prejudicial abuse thereof, in allowing litigants additional time within which to answer, reply or perform other acts is clearly established by 12 O.S.1961 § 284, as follows:

> "The court, or any judge thereof in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this article or by an order enlarge such time."

See Southern Surety Co. v. Jones et al., 90 Okl. 285, 214 P. 727; Owens et al. v. Lynch et al., 147 Okl. 298, 297 P. 223; Warr et al. v. Norton et al., 190 Okl. 114, 121 P.2d 583; Casualty Corp. of America v. Turner, Okl., 458 P.2d 907. All pleadings below were timely filed or their late filing was approved by the court either directly or inferentially without objection or a showing of prejudice to the rights of any party.

Pierce argues that it is mandatory under 12 O.S.Supp.1967 § 153, that Horath have summons prepared and served on Pierce in order for the court to be vested with jurisdiction over Pierce on the cross-petition.

■ In Larkin v. Hittenmeyer, 195 Okl. 669, 161 P.2d 749, this Court stated in part at p. 750:

> "Apart from the qualifying effect, if any, of the curative provisions of the 1939 Act, to which we will revert later, it must be assumed, as to the statutory notice for the certificate sale, that the Legislature was cognizant of the interpretation consistently placed thereon ,by this court over the years, and that, by reason of the fact the Legislature has not seen fit to change the same, it has acquiesced in, ratified and approved the construction so placed thereon by this court. McCain v. State Election Board, 144 Okl. 85, 289 P. 759.",

and further at p. 751:

> "Where a statute that has been construed by the courts of last resort has been reenacted in same, or substantially the same, terms, the legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for; and the same rule applies in the construction of a statute enacted after a similar or cognate statute has been judicially construed. So where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute."

We also said in Letteer v. Conservancy District No. 30, Okl., 385 P.2d 796, at p. 800:

> "Antecedent legislative enactments, which have been repealed or superseded, may be resorted to and considered in the construction of amendatory acts in pari materia. Searcy v. State, 64 Okl. 257, 167 P. 476, 478; State ex rel. Rucker v. Tapp, Okl., 380 P.2d 260, 265; and Suth-

erland, Statutory Construction, 3rd ed., Vol. 3, Sec. 5805, p. 81.",

and further at pp. 800 and 801:

"Words employed in the original or antecedent Act will be presumed to be used in the same sense in the amendatory ·enactment. 82 C.J.S. Statutes § 384, p. 899; Sutherland, Statutory Construction, 3rd ed., Vol. 2, Sec. 5202, pp. 534, 535. The original section as amended and the unaltered sections of an Act, code or compilation of which they are a part, when relating to the same subject matter, are to be construed together. Sutherland, Statutory Construction, 3rd ed., Vol. 1, Sec. 1935, pp. 431, 433."

In 82 C.J.S. Statutes § 384, p. 903, it is said:

"* * * where an amendatory act provides that an existing statute shall be amended to read as recited in the amendatory act, such portions of the existing law as are retained, either literally or substantially, are regarded as a continuation of the existing law, and not as a new enactment. * * *"

 Pierce contends that the word "shall" is usually given its common meaning "must" and, therefore, the mandate he ascribes to the statute is clear. The word "shall" was also used in the original statute. But as we have already pointed out, this Court found the issuance and service of summons by one codefendant to another codefendant already within the jurisdiction of the court in an action properly commenced on a petition and summons unnecessary *except in a very narrow situation* which we have already held inapplicable especially since notice requirements of Rule 1, supra, had been met.

We note that the Title to H.B. No. 891, Session Laws 1967, Ch. 355, p. 575, reads:

"*An Act Relating to Civil Procedure; Amending 12 O.S.1961 § 153; Providing For Issuance of Summons; Abolishing Necessity For Written Praecipe; And Declaring an Emergency*" [emphasis added]

When, therefore, the amended section is construed in the light of the original section and the construction placed upon it by the court we believe the only effect is to eliminate the necessity for a written praecipe by the plaintiff and to require the *preparation* of the summons by the plaintiff, petitioner, cross-petitioner or intervenor in *those cases where it has previously been held summons is necessary.*

In this case we find the court erred and it is our judgment that the parties below were subject to the jurisdiction of the trial court; that such jurisdiction over Pierce was not lost by Horath's failure to serve him with summons on the cross-petition and the subsequent dismissals by Pierce and the Mansells.

The order of the trial court dismissing Horath's cross-petition is reversed with instructions to reinstate it and to continue with proceedings not inconsistent with this opinion.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.