STATE OFFICERS AND EMPLOYEES
The provisions of 19 O.S. 215.14 [19-215.14] (1977) do not supersede the provisions of 74 O.S. 902 [74-902](15)(c) (1977) requiring officers, appointees or employees of district attorneys to become members of the Oklahoma Public Employees Retirement System, if said employee meets the eligibility requirements, because the later is the last expression of the legislature on the subject. The Attorney General has considered your request for an opinion where you, in effect, ask the following question: Do the amendments made to Title 19 O.S. 215.14 [19-215.14] subsequent to the amendment in 1973 to Title 74 O.S. 902 [74-902](15)(c) supersede the requirement that an officer, appointee, or employee of the district attorney shall become a member of the Oklahoma Public Employees Retirement System, if said employee meets the eligibility requirements? Title 19 O.S. 215.14 [19-215.14] (1977) provides in part as follows: "For all payroll purposes, all appointees and employees of district attorneys shall be deemed to be state officers or employees as the case may be. The officers, appointees, or employees of the district attorney, however, shall not be required to belong to the Oklahoma Public Employees Retirement System unless they so elect; . . . ." Title 74 O.S. 902 [74-902](15)(c) (1977) provides in part as follows: "(c) it shall be mandatory for an officer, appointee or employee of the office of district attorney to become a member of the Oklahoma Public Employees Retirement System if he is not currently participating in a county retirement system." These statutes are clearly inconsistent. While repeals by implication are disfavored, AMF Tubescope v. Hatchel, Okl., 547 P.2d 374 (1976), in Boice v. State, Okl.,473 P.2d 241 (1970), the Supreme Court recognized the well established principle that the provisions of a later statute prevail over, or supersede, those provisions of an earlier statute on the same subject which are in irreconcilable conflict therewith. The question then arises as to which of these statutes is the last statute to be enacted. An examination of the legislative history of these statutes reveals that 19 O.S. 215.14 [19-215.14] was amended in 1968 to allow the officers, appointees, or employees of the district attorney to belong to the State Retirement System if they elected to do so. August 1, 1968, was set as the deadline for receipt of the election to withdraw by any employee of a district attorney in accordance with Opinion of the Attorney General, No. 68-248, dated December 4, 1969. In 1973, Title 74 O.S, 902(15)(c) was amended to make it mandatory for an officer, appointee or employee of a district attorney to become a member of OPERS if he is not currently participating in a county system. Subsequent to the above-cited amendments, the legislature has amended both statutes but has not altered the text of either clause of concern here. Article V, Section 57, of the Oklahoma Constitution provides in part as follows: ". . . no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; . . ." There is nothing in the aforementioned amendments which indicates that either of the portions with which we are concerned was re-enacted for any purpose other than to comply with the above-quoted constitutional provision. Therefore, those portions of the existing law that are retained and not being amended will be regarded merely as a continuation of the existing law and not as a new enactment. Horath v. Pierce, Okl.,506 P.2d 548 (1973); State ex rel Hamption v. Oakes, Okl.281 P.2d 749 (1955). As noted above, all of the portions of the statutes of concern here were re-enacted in order to satisfy the requirements of Article V, 57 of the Oklahoma Constitution. By following that provision, the legislature did not intend to re-enact the entire section, but only to make the changes that they considered necessary. Therefore, for the purposes of determining what the latest expression of legislative intent is, it is necessary to look to the date of the last change in wording of the phrases of immediate concern. The provisions of Title 74 O.S. 902 [74-902](15)(c) were created in 1973 and must therefore repeal by implication the provisions of Title 19 O.S. 215.14 [19-215.14] which were enacted in 1968. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The provisions of Title 19 O.S. 215.14 [19-215.14] do not supersede the provisions of Title 74 O.S. 902 [74-902](15)(c) (1977) requiring officers, appointees or employees of district attorneys to become members of the Oklahoma Public Employees Retirement System, if said employee meets the eligibility requirements, because the latter is the last expression of the legislature on the subJect. (JEFFREY L. WEEKS) (ksg)